IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GARY LYNN MCDUFF | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-133 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Gary Lynn McDuff, formerly an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss filed by Respondent (doc. #52).

Factual Background

Petitioner contends that the BOP improperly failed to consider him for release to home confinement. He states he is entitled to such consideration under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat 281, and the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194.

In a subsequent pleading (doc. #56), Petitioner informed the court that he has been released to home confinement. He also states that except for two issues, all of the claims he raised have been resolved. First, Petitioner states the BOP has not awarded him sufficient Earned Time Credits under the FSA. He asserts he has not received Earned Time Credits for the period of time he spent incarcerated prior to December 21, 2018, the date the FSA was enacted.

In addition, Petitioner complains that documents he needed to litigate a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, have been lost, destroyed or improperly confiscated. Petitioner states

he had these documents when he was incarcerated at the Federal Correctional Complex in Beaumont, Texas, but that they went missing after he was transferred to the Low Security Institution in Forrest City, Arkansas.

## The Motion to Dismiss

In the Motion to Dismiss, Respondent asserts that as Petitioner has been released to home confinement, his claim regarding home confinement is moot. In a Reply (doc. #58) to Petitioner's Response to the Motion to Dismiss, Respondent states Petitioner is not entitled to Earned Time Credits for any period prior to the date the FSA was enacted. With respect to Petitioner's claim regarding the documents, Respondent asserts that as Petitioner would not be entitled to be released from custody sooner if he prevailed on this claim, this claim may not be asserted in a petition for writ of habeas corpus.

## Analysis

### *Home Confinement*

Under the United States Constitution, federal courts cannot issue advisory opinions nor "decide questions that cannot affect the rights of litigants in the case before them." *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004). "The exercise of judicial power under Article III of the United States Constitution depends upon the existence of a case or controversy. Without an actual case or controversy, a federal court has no jurisdiction." *Id*. Further, an actual case or controversy must exist at all stages of the litigation, not merely at the time the initial pleading was filed. If a controversy that once existed no longer exists, a claim based on that controversy is moot. *Id*.

Petitioner states he has been released to home confinement. As a result, a case or controversy no longer exists regarding this claim. The claim is therefore moot.

*Earned Time Credits*

Petitioner asserts the BOP has miscalculated the amount of Earned Time Credits he has earned. He states he should have begun receiving Earned Time Credits on May 28, 2014. However, he has not received Earned Time Credits for any time prior to December 21, 2018.

The FSA allows prisoners to earn time credits towards prerelease custody or supervised release for successfully participating in certain activities. 18 U.S.C. § 3632(d)(4). However, 18 U.S.C. § 3632(d)(4)(B) provides that an inmate may not earn time credits based on activities that were completed prior to the date on which the FSA was enacted. The FSA was enacted on December 21, 2018. *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *2 (5th Cir. Jan. 12, 2024). As a result, Petitioner is not entitled to Earned Time Credits for any period prior to December 21, 2018. This claim is therefore without merit.

*Documents*

Finally, Petitioner asserts certain documents relating to legal matters were lost, destroyed or confiscated and states the BOP is responsible for providing him with new copies.

A petition for writ of habeas corpus may only be used to challenge the fact or duration of an inmate's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 483 (1973); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). As the claim regarding the documents would not, even if successful, have a direct effect on the fact or duration of Petitioner's confinement, this claim is not cognizable in a proceeding seeking habeas relief. Petitioner is free to file a civil action regarding his documents.

## Recommendation

Respondent's Motion to Dismiss should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 7th day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE